**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GREGORIO IBARRA GALICIA, 1177671,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:08-CV-250-M** |
| | ) | **ECF** |
| **NATHANIEL QUARTERMAN, Director, Texas** | ) | |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court,

this case has been referred to the United States Magistrate Judge. The findings, conclusions and

recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type of Case:** This is a petition for habeas corpus relief brought pursuant to 28 U.S.C.

§ 2254.

**Parties:** Petitioner is a state prisoner, currently incarcerated in the Texas Department of

Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent Nathaniel

Quarterman is Director of the TDCJ-CID.

**Statement of the Case:** Petitioner was convicted of indecency with a child and sexual

assault. *State of Texas v. Gregorio Ibarra Galicia*, Nos. F01-74776 and F01-74777 (195th Jud.

Dist. Ct., Dallas County, Tex., June 25, 2003). He was sentenced to ten years imprisonment for

indecency with a child, and thirty years confinement for the sexual assault, to run concurrently.

The Fifth District Court of Appeals affirmed his convictions. *Galicia v. State*, Nos. 05-03-01088-CR and 05-03-01123-CR (Tex. App. – Dallas, Sept. 24, 2004, pet. ref'd). On March 6, 2005, the Court of Criminal Appeals refused Petitioner's petitions for discretionary review. *Galicia v. State*, PDR Nos. 1670-04 and 1671-04.

On August 14, 2006, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Galicia*, Application No. WR-65,919-01. On November 8, 2006, the Court of Criminal Appeals denied the petition.

On January 4, 2007, Petitioner filed a federal petition for writ of habeas corpus. *Galicia v. Quarterman*, No. 3:07-CV-0021-B (N.D. Tex). On April 11, 2007, the Court dismissed the petition as barred by limitations.

On February 4, 2008, Petitioner filed the instant petition. He argues: (1) the state failed to inform him of his Vienna Convention rights; (2) the state failed to inform Mexico's consular representative of Petitioner's arrest; (3) the state violated his right to a speedy trial; (4) the prosecutor committed misconduct by admitting perjured testimony; (5) he was subjected to double jeopardy; and (6) he received ineffective assistance of counsel.

**Discussion:** The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to

cases on collateral review by the Supreme Court.  *See* 28 U.S.C. § 2244(b)(2).  Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing.  *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

**RECOMMENDATION:**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 21st day of July, 2008.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Petitioner. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).